COURT OF APPEALS
DECISION
DATED AND FILED

**March 18, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.      2024AP1485**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022CV7104

**IN COURT OF APPEALS
DISTRICT I**

RUDY RUIZ AND DEBRA A. RUIZ,

PLAINTIFFS,

MIDWEST FAMILY MUTUAL INSURANCE,

PLAINTIFF-RESPONDENT,

V.

PATRICK ATKINSON,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: GLENN H. YAMAHIRO, Judge. *Affirmed*.

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Patrick Atkinson appeals an order granting declaratory judgment in favor of Midwest Family Mutual Insurance Company ("Midwest"), declaring that Midwest has no duty to defend or indemnify Atkinson with respect to claims asserted by Rudy and Debra Ruiz.  We affirm.

¶2     The Ruizes filed suit alleging that Atkinson intentionally erected a fence between the parties' properties for the purpose of harming them after they declined to sell their property to him.  The complaint alleges that the fence was "intentionally erected and maintained" and was "unreasonable, unnecessary and maliciously done with the sole purpose of annoying [the Ruizes]."  It further alleges that the fence is an "intentional and unreasonable condition" interfering with their use and enjoyment of their property.  The Ruizes sought damages for alleged diminution in property value and emotional harm, as well as injunctive relief requiring removal of the fence.

¶3     Atkinson tendered the action to Midwest under a homeowner's policy providing personal liability coverage for damages because of "'bodily injury' or 'property damage' caused by an 'occurrence.'"  The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions[.]"

¶4     Midwest defended under a reservation of rights and then sought a declaration that it owed no duty to defend or indemnify Atkinson.  The circuit court granted Midwest's motion, concluding that building a fence is an intentional act, not an accident, and therefore not covered by the policy.  Atkinson appeals.

¶5     The interpretation of an insurance policy presents a question of law that we review de novo. *American Fam. Mut. Ins. Co. v. American Girl, Inc.*, 2004 WI 2, ¶23, 268 Wis. 2d 16, 673 N.W.2d 65.  We must interpret an insurance

policy to determine whether an insurer breached its duty to defend; therefore, whether an insurer has a duty to defend is likewise a question of law that we review de novo. *Water Well Sols. Serv. Grp., Inc. v. Consolidated Ins. Co.*, 2016 WI 54, ¶12, 369 Wis. 2d 607, 881 N.W.2d 285.

¶6      As noted above, the policy provides personal liability coverage only for damages caused by an "occurrence." An occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions[.]" Thus, unless the complaint here alleges an accident, there is no initial grant of coverage and the inquiry ends. *Id.*, ¶16.

¶7      The Wisconsin Supreme Court has repeatedly defined "accident" in liability policies as "an event which takes place without one's foresight or expectation." *Estate of Sustache v. American Fam. Mut. Ins. Co.*, 2008 WI 87, ¶36, 311 Wis. 2d 548, 751 N.W.2d 845 (citation omitted). It clarified that "[a] result, though unexpected, is not an accident; rather, it is the causal event that must be accidental[.]" *Stuart v. Weisflog's Showroom Gallery Inc.*, 2008 WI 86, ¶40, 311 Wis. 2d 492, 753 N.W.2d 448 (citation omitted).

¶8      The complaint alleges that Atkinson intentionally erected and maintained the fence and that the conduct was malicious and done for the purpose of annoying the Ruizes. The construction of a fence is a deliberate, volitional act. The building a fence is not an accident under the policy because it was an intentional act. *See Estate of Sustache*, 311 Wis. 2d 548, ¶36. Atkinson argues that even if the act of building the fence was intentional, the resulting harm to the Ruizes was unintended and therefore accidental. Wisconsin law, however, focuses not on the result of the intentional act, but on the nature of the causal event. *Stuart*, 311 Wis. 2d 492, ¶40 ("'A result, though unexpected, is not an accident;' rather it is the

causal event that must be accidental."). The causal event alleged here—the construction of a fence—was intentional. Because the complaint alleges only intentional conduct as the basis of liability, it does not allege an "occurrence" within the meaning of the policy.

¶9 Even if we were to assume arguendo that the allegations triggered an initial grant of coverage, the policy has an explicit exclusion for "'[b]odily injury' or 'property damage' which is expected or intended by an 'insured.'" The complaint alleges that the fence was erected "with the sole purpose of annoying" the Ruizes. This allegation describes expected or intended harm, so the exclusion would apply to bar coverage. *See Estate of Sustache*, 311 Wis. 2d 548, ¶¶52-56.

¶10 Atkinson devotes significant argument to whether the circuit court improperly limited its analysis to the complaint when, in this case, there was a developed record. We need not resolve that question. Discovery has been completed and the parties do not dispute that the fence was intentionally constructed. Whether framed as a "four corners" inquiry or as a review of the developed record, the operative conduct remains the intentional construction of the fence. Where the alleged and undisputed conduct is intentional, and intentional conduct does not constitute an "occurrence," there is no coverage as a matter of law. *Id.*, ¶36.

¶11 Because the complaint alleges intentional conduct rather than an accident, there is no "occurrence" and Midwest has no duty to defend or indemnify Atkinson with respect to the claims as pleaded.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.